HENRY MARSH *vs.* FRANCIS E. PARKS and others.

Penobscot.   Opinion July 31, 1883.

*Costs.   Several defendants, verdict in favor of one and against the others.*

When there are several defendants in a personal action, who join in their pleadings, and the verdict is in favor of one and against the others, the successful party is allowed all his separate costs, and an aliquot part of the joint costs, unless the court is satisfied from special circumstances, a different proportion should be allowed.

ON EXCEPTIONS.

Trespass *quare clausum* against nine defendants, who joined in their pleadings.   The verdict was in favor of Richard H. Libby, one of the defendants, and against the others.

The presiding justice ruled, generally, that all the witnesses called by the defendants in the trial, except those who were summoned and did not testify, might be taxed and allowed against the plaintiff, without limitation or restriction of any kind. And the plaintiff alleged exceptions.

*D. D. Stewart*, for the plaintiff.

*S. S. Brown*, for the defendants.

APPLETON, C. J.   This was an action of trespass *quare clausum*, against several defendants, who all pleaded the general issue jointly, and filed a joint brief statement. The jury acquitted the defendant Libby, and found the other defendants guilty. The question presented for adjudication, relates to the taxation of the acquitted defendant's costs.

It is well settled that the successful defendant is entitled to his travel, attendance, and attorney fee, and to the fees of such witnesses as he may have summoned for his special defence, or in aid of the general defence.

Here, it is not alleged that he summoned or paid any, for any special defence of his own. He joined in pleading with his co-defendants. The defence was joint.

" The rule, according to which costs are given, when there are several defendants in a personal action, and the verdict is in favor of one or more of them, and against the others, is this — the successful defendant is allowed *all* his *separate* costs, and *prima facie*, an aliquot part of the joint costs, unless the master is satisfied that some smaller proportion should be allowed by reason of any other special circumstances." Marshall on Costs, 42. In *Griffith* v. *Kynaston*, 2 Tyrwh. 575, three defendants being sued in trespass for assault and false imprisonment, appeared by the same attorney, but severed in pleading. The same evidence was adduced for all, with the exception of one witness, who was called for one of them separately. That one being acquitted, the master allowed him forty dollars costs only. The court, however, held, that he was entitled to recover from the plaintiff his aliquot proportion of the costs incurred by the three on their joint retainer, as well as the costs he had separately incurred, on satisfying the master that he was not indemnified by the other defendants. The same was held in *Griffith* v. *Jones*, 2 C. M. & R. 333; *Gambrell* v. *Falmouth*, 31 E. C. L. 363; *Redway* v. *Webber*, 106 E. C. L. 252. The decisions in this country adopt a similar rule. *Mason* v. *Waite*, 1 Pick. 456; *West* v. *Brock*, 3 Pick. 303; *Fales* v. *Stone*, 9 Met. 317; *Crosby* v. *Lovejoy*, 6 N. H. 458.

*Exceptions sustained.*

WALTON, BARROWS, DANFORTH, PETERS and LIBBEY, JJ., concurred.